UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN W. WAGNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12CV1901 AGF |
| CITY OF ST. LOUIS DEPT. OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 140519), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $26.60. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $133.00, and an average monthly balance of $89.95. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $26.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the City of St. Louis Department of Public Safety; Dale Glass (Commissioner, Division of Corrections); Leonard Edwards (Superintendent, Division of Corrections); John Doe (Asst. Superintendent, Division of Corrections); Reginald Moore (Correctional Unit Manager); T. Henderson (Constituency Officer, Division of Corrections); Janice Fairless (Mailroom, Division of Corrections); Jazeall Brown (Mailroom, Division of Corrections); Julius Smith (Social Worker, Division of Corrections); Charles Bryson (Director, Division of Corrections); Corizon, Inc.; and Ken McCain (Director, Corizon, Inc.). Each defendant is sued individually and in his or her official capacity.

Plaintiff asserts that his mail has been held by defendants Fairless and Brown, including mail that was sent by his wife containing government documents, certified receipt. Plaintiff claims that receipts sent to plaintiff's wife by the United States Postal Service shows that the mail was received by defendants on September 5, 2012, but as

of the filing date of the complaint, plaintiff still had not received his mail from defendants Fairless and Brown.

Plaintiff also complains that his access to Courts has been violated when he had to wait more than a month for his library requests to be answered. Plaintiff asserts that he was told that an inmate had to have a court order stating that he was pursuing a case pro se to be allowed access to the law library. He claims that he got a court order but that it was ignored and he was still denied access to the law library. Plaintiff has failed to articulate, however, how his wait for library access has affected any ongoing litigation he might currently have or have had in the past.

Last, plaintiff complains that he was denied access to his eyeglasses at intake into the jail because his eyeglass frames were metal. He claims that it took his wife several months to have new frames made and when they were finally made available to plaintiff, they were made from an old prescription and he has had trouble seeing. Plaintiff states that since his incarceration at the Justice Center he has requested prescription lenses on several occasions but he has been denied them by Leonora Hatter. Just recently plaintiff states he has been told that it is Justice Center Policy, or a policy of the City of St. Louis, to deny eyeglasses to inmates until they have been incarcerated for at least one year.

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Glass, Edwards, John Doe Assistant Superintendent, Moore, Smith, Bryson or McCain were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

"To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal

claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to allege he suffered an injury to a pending or contemplated legal claim. As a result, his access to courts claim fails as a matter of law.

The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted in relation to Corizon.

Plaintiff, however, does allege that a policy or custom of the City of St. Louis caused a deliberate indifference to his medical needs. In other words, he claims that the Department of Public Safety, Division of Corrections, has a policy that does not allow inmates to receive eyeglasses until they have been incarcerated for one year. He alleges that he needed eyeglasses and that he was denied medical treatment, or treatment for his eye disorder, by defendant Hatter, as well as by the policy initiated and enforced by the City of St. Louis. Thus, the Court will issue process on defendant Hatter individually,[1] and the City of St. Louis, Department of Public Safety, officially, for deliberate indifference to plaintiff's serious medical needs.

---

[1] Any claims against defendant Hatter in her official capacity are claims against Corizon which, as noted above, are subject to dismissal as plaintiff has not alleged the existence of such a policy initiated by Corizon.

Last, plaintiff claims that he was denied his mail by defendants Brown and Fairless. Plaintiff's claims against defendants Brown and Fairless in their individual capacities state a claim upon which relief may be granted, however, his claims against them in their official capacities will be dismissed, as he has not stated that they acted pursuant to an official custom or policy.

Thus, the Court will order the Clerk to issue process on defendants Brown and Fairless and Hatter in their individual capacities, as well as the City of St. Louis, Department of Public Safety in its official capacity. Plaintiff's remaining claims and defendants will be dismissed without prejudice for failure to state a claim.

The Court will additionally deny plaintiff's motion for appointment of counsel at this time, as this case is reasonably straightforward. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson,

728 F.2d at 1005. Plaintiff's complaint is well-written and his claims are not so complex as to warrant counsel at this time. As such, his request for counsel will be denied.

Plaintiff's request for subpoenas will also be denied. Because plaintiff is a prisoner, this case is assigned to Track 5 of the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri. See E.D. Mo. L.R. 16 - 5.01, 16 - 5.04. In Track 5 cases, discovery may not take place until authorized by the Court and a schedule is set forth in a Track 5 Case Management Order. The Court has not yet authorized discovery in this action, and it will not do so until defendants have been served and they have filed an answer to plaintiff's complaint. As a result, plaintiff's request for subpoenas will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $26.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Leonora Hatter, Jazeall Brown and Janice Fairless in their individual capacities. The Clerk shall also issue process on the City of St. Louis, Department of Public Safety, in its official capacity.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Leonora Hatter, Jazeall Brown, Janice Fairless and the City of St. Louis, Department of Public Safety shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants T. Henderson, Charles Bryson, Ken McCain, Corizon, Inc., Julius Smith, Reginald Moore, John Doe Assistant Superintendent, Leonard Edwards and Dale Glass because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Leonora Hatter, Jazeall Brown and Janice Fairless, in their **official capacities**, are also

subject to dismissal, for failure to state a claim upon which relief can be granted. To the extent plaintiff brought a claim against the City of St. Louis, Department of Public Safety, in its **individual capacity**, this claim is also subject to dismissal for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for subpoenas [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of February, 2013.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE