# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |  |
|---|---|---|
| BENJAMIN W. WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1901 AGF |
| | ) | |
| CITY OF ST. LOUIS DEPT. OF | ) | |
| PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for extension of time to pay the filing fee and for "preliminary injunction order St. Louis City Department of Corrections to restore inbound and outbound mail to allow me to find out what is happening with my family." [Doc. #14]  Also before the Court is plaintiff's motion to "make more definite." [Doc. #21]

**Motion for Extension of Time to Pay the Initial Partial Filing Fee**

Plaintiff's request for additional time to pay the initial partial filing fee of $26.60 will be granted.  Plaintiff shall have until May 30, 2013 to pay the initial partial filing fee to this Court.

**Request for Preliminary Injunction**

Plaintiff's request for a "preliminary injunction" will be denied at this time for a number of reasons. First, the allegations contained in his motion lack a factual basis on which to grant relief. The entirety of his "allegations" in his motion include the following statement:

> As of receiving this Order on February 6, 2013 I have yet to be able and reach my wife by phone in that I have no funds available in my trust account. Due to my deposit for February has not been deposited in my account. Due to the ongoing issue with my personal mail, I am not able to wright [sic] her and find out what is going on and why the deposit has not been made.
>
> So I pray the Honorable Court to grant me a 30 day extension and a preliminary injunction ordered St. Louis City Dept. Of Corrections to restore inbound and outbound mail, to allow me to find out what is happening with my family.

To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. <u>Dataphase Sys. v. CL Sys.</u>, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Plaintiff's "allegations," as outlined in his motion, simply do not show a threat of irreparable harm at this time given that the Court is willing to extend him time to submit his initial partial filing fee until after the parties have

had a chance to exchange initial disclosures in this action.[1]  Additionally, the Court is a bit perplexed as to exactly whom plaintiff wishes to entertain injunctive relief against.

In his complaint, plaintiff asserts that his mail has been held by defendants Janice Fairless and Jazeall Brown, including mail that was sent by his wife containing government documents, certified receipt.  Plaintiff claims that receipts sent to plaintiff's wife by the United States Postal Service show that the mail was received by defendants on September 5, 2012, but as of the filing date of the complaint, plaintiff still had not received his mail from defendants Fairless and Brown.

As noted in the Court's initial review Order,[2] the withholding of mail claims survived against only two individual defendants in this action – defendants Fairless and Brown.  Service has not yet been effectuated on either defendant Fairless or defendant Brown, as both have apparently left employment with the

---

[1]Simultaneously with the instant Memorandum and Order, the Court will issue a Case Management Order setting the date of May 6, 2013, by which the parties must exchange initial disclosure documents.

[2]See February 1, 2013 Memorandum and Order.  Docket No. 7.

Justice Center.³    The mail claims did not survive against the Department of Public Safety in its official capacity, as plaintiff did not properly plead a policy or custom claim against the Department of Public Safety.

Thus, even if the Court presumes that plaintiff's request for immediate injunctive relief is based on the allegations outlined in his complaint, it could not grant him the injunctive relief that he requests in this instance because the two individual defendants he requests relief against – Brown and Fairless – are no longer even employed at the place where he is confined.  "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  In this case, there is no relationship between the injury claimed in the current motion before the Court and the conduct asserted in the complaint relating to defendants Brown and Fairless. Consequently, the motion for preliminary injunction will be denied.

---

³See Unexecuted Return of Service, Docket Nos. 10 and 11, noting that Janice Fairless no longer works at 200 S. Tucker Street, St. Louis, Missouri, 63102 and that Jazeall Brown has retired from working from the City of St. Louis.

**Motion to "Make More Definite"**

In his "Motion to Make More Definite," plaintiff requests that the Court order defendant St. Louis Department of Public Safety to explain a paragraph in its Answer relating to one of its affirmative defenses. The Court sees no reason to order defendant to make its statement more definite, as the statement complies with the affirmative defenses of comparative and/or contributory negligence set forth in the provisions of Federal Rule of Civil Procedure 8 (c).

Plaintiff would do well to study both the Federal Rules of Civil Procedure and this Court's Local Rules prior to bring forth additional motions in this Court. Although plaintiff is proceeding pro se he is still responsible for complying with the Federal Rules of Civil Procedure and this Court's Local Rules. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff **shall pay an initial partial filing fee of $26.60 no later than May 30, 2013**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee by **May 30, 2013**, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "preliminary injunction order St. Louis City Department of Corrections to restore inbound and outbound mail to allow me to find out what is happening with my family" is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to "make more definite" is **DENIED**.

Dated this 8th day of March, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE