UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN W. WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV1901 AGF |
| ) | |
| CITY OF ST. LOUIS DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion for court order to "allow the plaintiff access to the law library and to west online." The Court will interpret plaintiff's motion as one for access to the Court. Defendant the City of St. Louis the Department of Public Safety has responded to plaintiff's motion with the affidavit of Laverta Barnes, an Administrative Assistant for the Department of Public Safety, Division of Corrections.

In his motion plaintiff asserts that his access to the law library was withdrawn on March 20, 2013, by "Administration" when he was told he "needed a court order." Plaintiff stated that he was told he needed an Court document with a Court seal on it in order to prove he was currently acting pro se before the Court. Plaintiff additionally states that the books in the law library have not been kept up to date and that the library

is attempting to stay within the confines of "Bounds v. Smith," by allowing inmates to use Westlaw. Thus, plaintiff asks not only for use of the law library, but he also seeks a court order allowing him to use Westlaw so that he may have access to the most up to date legal information.

Ms. Barnes' affidavit states that "due to [plaintiff's] pro se litigant status, he currently has full access to the Law Library." She additionally lists the dates wherein plaintiff was given full access to the law library, which number more than thirty-five (35) times since the start of this litigation. Plaintiff has not filed a reply refuting these assertions and the time to do so has expired.

Even if defendant had not proffered evidence to counter plaintiff's allegations regarding his lack of access to the law library, plaintiff's allegation that he was not allowed to go to the law library - standing alone - does not state an access to the courts claim because plaintiff has not alleged that he suffered actual prejudice to a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had non-frivolous legal claim actually impeded or frustrated).

As for plaintiff's conclusory claim that defendant's law library may not comply with the Supreme Court's mandate set forth in Bounds v. Smith, 430 U.S. 817, 819 (1977), the Court notes that the Supreme Court did not explain exactly what books are

necessary to accomplish the goal of an "adequately functioning law library." However, the caselaw has set forth fairly well-established books that generally are essential for most prison libraries. In addition, it should go without saying that a law library that is not kept current cannot be said to be adequate. Nonetheless, plaintiff has not specifically stated which collections he believes have not been kept current and whether or not he has been granted access to online resources for these collections which he believes are outdated. As such, the Court is unable to grant him the blanket relief of access to all of "Westlaw online" that he currently seeks. As such, the Court must deny plaintiff's broad request at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for court order [#26] is **DENIED** without prejudice.

Dated this 1st day of May, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE