UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN W. WAGNER , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV01901 AGF |
| ) | |
| CITY OF SAINT LOUIS ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request to amend his complaint, to dismiss Janice Fairless and Jazell Brown as defendants, for appointment of counsel and an order allowing Plaintiff access "to legal books" while incarcerated at the Saint Louis City Justice Center, and for the issuance of subpoenas.

Dismissal of Defendants Fairless and Brown

Inasmuch as the Court dismissed the allegations against Fairless and Brown in a prior order (Doc. No. 33), that motion is moot.

Appointment of Counsel

With respect to Plaintiff's motion for appointment of counsel, the Court notes that there is no constitutional right for a pro se plaintiff to have counsel appointed in a civil case, although a district court has discretion to appoint an attorney to handle such a case when necessary. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *Phillips v. Jasper County Jail*, 437 F.3d. 791, 794 (8th Cir. 2006). Among the factors a court should

consider in making this determination are the legal and factual complexity of the case; the ability of the plaintiff to investigate the facts and present his claim; and to what degree the plaintiff and the court would benefit from such an appointment. *Phillips*, 791 F.3d at 794; *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995).

Upon review of the file and the relevant factors, the Court finds that appointment of counsel is unnecessary at this time, because the legal issues presented are relatively straight-forward and Plaintiff has demonstrated the ability to clearly and adequately present his claim.

Access to Legal Books

With respect to Plaintiff's request for issuance of an order allowing him access to specific legal books, the Court notes that Plaintiff has access to a law library and concludes on the basis of the reasoning set forth in its Order of May 1, 2013 (Doc. No. 34), that Plaintiff has not established prejudice as a ground for the issuance of an order compelling access to a law library or a legal research database. *Bandy-Bey v. Crist*, 578 F.3d 763, 765 (8th Cir. 2009) (internal citation omitted) (requiring plaintiff to show that defendants' failure to grant him the library time he requested "resulted in an actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim"); *see also Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 351(1996)) (holding that a plaintiff "'might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished

to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.'").

Request for Subpoenas

Construing Plaintiff's request for the issuance of subpoenas as a request for the production of documents, the Court concludes that the request lacks specificity, is overbroad, and fails to establish the minimum showing of relevance necessary to justify such a broad range of documents.  *See* Fed. R. Civ. P. 26 (b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED** with respect to his request for leave to file an amended complaint, and **DENIED as moot** with respect to the dismissal of Fairless and Jazell.  (Doc. No. 36.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED without prejudice**.  (Doc. No. 37.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for "access to legal books" is **DENIED without prejudice.**  (Doc. No. 37.)

**IT IS FURTHER ORDERED** that Plaintiff's request for the issuance of subpoenas is **DENIED without prejudice** as overbroad.  (Doc. No. 38.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2013.