UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN W. WAGNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY of SAINT LOUIS DEPARTMENT )<br>of PUBLIC SAFETY, et al., )<br>)<br>Defendants. ) | Case No. 4:12CV01901 AGF |

## MEMORANDUM AND ORDER

Plaintiff Benjamin W. Wagner, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging that during his confinement at the Saint Louis City Justice Center he failed to receive delivery of his mail, has not been provided with eyeglasses and has had difficulty accessing the law library.  Now before the Court are Plaintiff's motions for a default judgment against Defendant Leonora Hatter ("Defendant Hatter"), for appointment of counsel, and for "Sanctions and Relief."  In his motion for Sanctions and Relief, Plaintiff alleges that all Defendants retaliated against him for filing lawsuits and proceeding *pro se.*  Specifically he asserts that Defendants refused to permit him to serve as a "GED tutor" and refused to change his scheduled time for use of the prison law library to accommodate the GED tutor position.  For the reasons set forth below, each of these motions will be denied.

**Motion for Default Judgment**

Plaintiff moves for default judgment against Defendant Hatter asserting that she failed to timely file her answer in this case. The record before the Court indicates that Defendant Hatter was served in this matter on February 11, 2013. *See* Doc. No. 13. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant's answer was due twenty-one days after service, on March 4, 2013. Defendant Hatter filed her answer on March 4, 2013. *See* Doc. No. 19. As Defendant Hatter timely filed her answer in this matter, there is no ground for entry of default judgment against her.

**Motion for Appointment of Counsel**

Plaintiff also moves for the appointment of counsel. There is no constitutional right for a *pro se* plaintiff to have counsel appointed in a civil case, although a district court has discretion to appoint an attorney to handle such a case when necessary. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *Phillips v. Jasper County Jail*, 437 F.3d. 791, 794 (8th Cir. 2006). Among the factors a court should consider in making this determination are the legal and factual complexities of the case, the ability of the plaintiff to investigate the facts and present his claim, and to what degree the plaintiff and the court would benefit from such an appointment. *Phillips*, 437 F.3d. at 794. Upon review of the file and the relevant factors, the Court finds that appointment of counsel is unnecessary at this time.

**Motion for Sanctions and Relief**

Plaintiff alleges in this motion that Defendants have retaliated against him for filing this suit and for proceeding *pro se*. Specifically, he alleges that because he is a *pro*

*se* litigant Defendants removed him from two job appointments as law librarian and "GED Tutor." Plaintiff seeks "sanctions" and an order requiring Defendants to return him to one of these positions and adjust his scheduled time in the law library so that he can work on his legal case and also serve as a librarian or a "GED Tutor." Plaintiff does not assert that he has been deprived of access to the law library to work on his case.

In response, Defendants offer the affidavit of a prison administrative assistant charged with monitoring and arranging for law library access. *See* Doc. No. 50-1 at ¶ 6 (Affidavit of Verta Barnes). The affiant states that Plaintiff was not selected as a "GED Tutor" because there are no current openings for "GED Tutors" due to the fact that the facility has reduced the number of tutors from five to two and reduced the library time allotted to the GED program. *Id*. The affiant further provides that Plaintiff was not denied a position as a "GED Tutor" because of his *pro se* status. *Id.* at ¶¶ 8-9. The affiant also states that a prison administrator is responsible for screening candidates for the position of "GED Tutor" and has the authority to refuse to place an individual in that position if, in the administrator's opinion, the candidate would be unable to effectively perform the duties of that position. *Id.* at ¶ 8. In addition, the affiant states that due to the time constraints the prison places on each inmate's use of the law library, a *pro se* litigant might not be able to serve effectively as a tutor. *Id.* at ¶¶ 8-9. Finally, although the scheduled time for Plaintiff's use of the law library changed, Plaintiff has not been deprived of access to the law library for purposes of legal research. *Id.* at ¶¶ 3-4.

In reply, Plaintiff reiterates the chronology of the events set forth in his complaint. He also asserts that he failed to obtain a third prison job as a result of his *pro*

*se* status and that he has been told that he may not participate in the "Facility Worker Program" as long as he "remains pro se in his lawsuit."

Inasmuch as Plaintiff requests an order directing Defendants to appoint him as a law librarian or GED Tutor, the Court construes Plaintiff's motion as a request for injunctive relief. In ruling upon a request for injunctive relief the Court must consider the factors governing the issuance of preliminary injunctions: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *DISH Network Serv. L.L.C. v. Laducer*, No. 12–2871, 2013 WL 3970245, at \*2 (8th Cir. Aug. 5, 2013) (citation omitted); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The movant, here the Plaintiff, bears the entire burden of proving these factors. *DISH Network Serv. L.L.C.*, 2013 WL 3970245, at \*2.

The Court is mindful that in the prison context a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . [t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'" *Goff v. Harper*, 60 F.3d 518, 520-21 (quoting *Rogers v. Scurr*, 676 F .2d 1211, 1214 (8th Cir. 1982)).

Turning first to "the probability that [a] movant will succeed on the merits" of his claim, the Court concludes that Plaintiff has not met his burden to establish that he is likely to succeed on a claim under 42 U.S.C. §1983 for retaliation in violation of his First

- 4 -

Amendment right to pursue legal action against prison officials.  To prevail on such a §1983 claim, a plaintiff must demonstrate "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity."  *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013).  Plaintiff's pursuit of this lawsuit satisfies the first element of a claim, but Plaintiff offers little to establish the second and third elements.  *See Haynes v. Stephenson*, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (holding that either "[t]he filing of a prison grievance or the filing of an inmate lawsuit, is protected First Amendment activity").

    Upon consideration of the affidavit and Plaintiff's pleadings, the Court concludes that Plaintiff has not shown that adverse action was taken against him because he is proceeding *pro se* in this lawsuit.  With respect to the second element of his claim, Plaintiff does not assert that he has been denied adequate time in the law library to pursue his suit.[1]  And although Defendants have declined to allow Plaintiff to serve as a law librarian or "GED Tutor" they have offered evidence that there were no current openings for the positions.  Defendants' affidavit indicates that Plaintiff may apply for either position but that the decision to place him in either position rests in the sole discretion of the prison administrator filling those positions.  Finally, Plaintiff has not established a

---

[1]  The record also indicates that it is unlikely that Plaintiff could prove such an allegation.  *See* Doc. No. 50-2 (documenting Plaintiff's access to the law library over the last several months).

causal link between the denial and his *pro se* status because Defendants have unfettered discretion to determine whether an inmate may serve as a "GED Tutor."

In addition, Plaintiff has not met his burden to establish a likelihood of succeeding on the third element of a retaliation claim under §1983 because he does not allege that in his situation "a person of ordinary firmness" would have been deterred from pursuing a *pro se* lawsuit. *Santiago*, 707 F.3d at 991. Indeed, Plaintiff does not even assert that his willingness or ability to pursue his suit has been "chilled" because he was denied either the tutoring or the librarian position. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

In addition, the Court notes that this motion raises claims and issues that are not part of Plaintiff's complaint. Preliminary injunctive relief is appropriate to grant intermediate relief of the same character as that asserted in the complaint, but inappropriate for dealing with matters "lying wholly outside issues in the suit." *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994); *Waller v. Maples*, No. 1:13CV00025-KGB-JTK, 2013 WL 3992654, at* 2 (E.D. Ark. Aug. 5, 2013).

Finally, Plaintiff has not alleged a basis for a finding of irreparable harm because as noted above he does not assert that he has been denied adequate time in the law library to pursue his suit. *Novus Franchising, Inc. v. Dawson*, --- F.3d ----, 2013 WL 3970250, at *7 (8th Cir. Aug. 5, 2013) (noting that a failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction) (internal quotation omitted).

- 7 -

Therefore, in light of the judicial restraint counseled by the Eighth Circuit and Plaintiff's failure to carry his burden to establish either a "likelihood of success on the merits" or "irreparable harm," Plaintiff's motion for preliminary injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **DENIED**.  (Doc. No. 40.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.  (Doc. No. 42.)

**IT IS FURTHER ORDERED** that Petitioner's motion for "Sanctions and Relief" is **DENIED**.  (Doc. No. 49.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2013.