UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN W. WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV01901 AGF |
| ) | |
| CITY OF SAINT LOUIS DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by Plaintiff, pro se, Benjamin W. Wagner.

Plaintiff filed a motion styled "Motion for Production of Discovery" (Doc. No. 56), seeking to compel Defendant Leonora Hatter (also known as Leonora Muhammad) to produce documents and/or discovery responses. Plaintiff asks that the Court issue "any and all orders required for Defendant to produce requested discovery." Upon review of the file, the Court notes that Defendant responded to interrogatories served by Plaintiff in this matter and also produced three hundred and thirty four pages of Plaintiff's medical records. *See* Doc. No. 61-1. To the extent that Plaintiff seeks to compel responses to requests for production or requests for admission, these were served on August 27, 2013, and therefore, those responses were not yet due under the Federal Rules of Civil Procedure at the time Plaintiff filed his motion. In addition, Defendant Hatter has represented that she will provide timely responses to those discovery requests.

Therefore, the Court will deny Plaintiff's motion without prejudice to refiling in the event that Defendants fail to cooperate with discovery.

Plaintiff also filed a "Motion for Objection" (Doc. No. 57) seeking to disqualify Jackson Lewis, counsel for Defendant City of St. Louis Department of Public Safety, from also representing Defendant Hatter.  Hatter is an employee of Corizon, Inc. assigned to work for Defendant City of St. Louis Department of Public Safety.  Plaintiff asserts that he "believe[s] this representation will become a conflict of interest" and that Lewis might be required "to cross examine his own client."  Doc. Nos. 57 & 62.  Plaintiff does not assert that a conflict of interest presently exists, nor does he provide any factual or evidentiary support for his speculation that a conflict of interest may develop between the two Defendants making Lewis' representation of both improper.

Under Eighth Circuit law, "[b]ecause of the potential for abuse . . . 'disqualification motions should be subjected to particularly strict judicial scrutiny.'" *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quoting *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir. 1996) (internal quotation omitted)).  When reviewing a motion for disqualification, a court applies the rules governing the professional conduct of attorneys that have been adopted in that district. *See Harker,* 82 F.3d at 808.  This District applies the Code of Professional Responsibility adopted by Missouri Supreme Court.  *See* Eastern District of Missouri, Rules of Disciplinary Enforcement IV. B.

Missouri Supreme Court Rule 4-1.7 provides that a conflict of interest exists if "the representation of one client will be directly adverse to another client, or there is a

significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." In this instance Plaintiff has failed to identify an actual or existing conflict of interest that would preclude Lewis from representing of both Defendants. As noted, motions for disqualification are subject to "strict judicial scrutiny," and cannot be granted on the basis of speculation or the mere possibility that a conflict might arise in the future. *See* Mo. S. Ct. R. 4-1.7. Therefore, the Court will deny this motion without prejudice to refiling in the event that circumstances giving rise to an actual conflict of interest develop in this case.

In his third motion, Plaintiff seeks an extension of time to respond to Defendant Hatter's Requests for Production of Documents and "Court Order for Access to Phone." (Doc. No. 60.) In response, Defendant Hatter represents that she has no objection to Plaintiff's request for additional time to respond to the requests for production of documents.

With respect to Plaintiff's request for telephone access, Defendant City of St. Louis Department of Public Safety has filed an affidavit averring that Plaintiff has access to a telephone in his housing unit at the City Justice Center and that Defendant has no policy requiring Plaintiff to obtain a court order to permit him access to a telephone. *See* Doc. No. 63-1 at ¶¶ 4&6. The affidavit further provides that Plaintiff has access to a telephone that may be used with a phone card to call any number, including toll-free numbers. *See id.* at ¶ 4. In addition, the affidavit indicates that Plaintiff recently acquired a number of phone cards, which would enable him to make calls. *See id.* at ¶ 5. For

these reasons the Court will deny Plaintiff's request for a court order mandating that he have telephone access.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Production of Discovery" is **DENIED**.  (Doc. No. 56.)

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Objection" is **DENIED**.  (Doc. No. 57.)

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Extension of time to respond to Defendant Hatter's Requests for Production of Documents and Court Order for Access to Phone" is **GRANTED in part** and **DENIED in part**.  (Doc. No. 60.)

1. Plaintiff is granted until **Thursday, October 17, 2013**, to respond to Defendant Hatter's Requests for Production of Documents.

2. Plaintiff's request for an order of Court granting him telephone access is denied.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2013